# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| GLENDA BURT | CIVIL ACTION NO. 21-cv-1649 |
| VERSUS | CHIEF JUDGE HICKS |
| STATE FARM FIRE & CASUALTY CO | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Glenda Burt ("Plaintiff") filed this civil action against State Farm Fire and Casualty Company (State Farm") for damages arising out of an insurance contract dispute. Plaintiff filed a suit based on an assertion of diversity jurisdiction, which puts the burden on her to set forth specific allegations that show complete diversity of citizenship of the parties and an amount in controversy over $75,000. More information about the citizenship of the parties is needed to ensure diversity jurisdiction exists.

The complaint alleges that Plaintiff is "an adult resident of the Parish of Webster, Louisiana." But it is domicile rather than mere residency that decides citizenship for diversity purposes, and "an allegation of residency alone 'does not satisfy the requirement of an allegation of citizenship.'" Midcap Media Finance, LLC v. Pathway Data, Inc., 929 F.3d 310, 313 (5th Cir. 2019), quoting Strain v. Harrelson Rubber Co., 742 F.2d 888, 889 (5th Cir. 1984). A person may reside in multiple states simultaneously, but "[a]n individual who resides in more than one State is regarded, for purposes of federal subject-matter (diversity) jurisdiction, as a citizen of but one State." Wachovia Bank v. Schmidt, 126 S. Ct. 941, 951 (2006). That is the state in which the person is domiciled. Id.; Acridge v.

Evangelical Lutheran Good Samaritan Soc., 334 F.3d 444, 451 (5th Cir. 2003). Plaintiff must file an amended complaint that specifically alleges the state in which she is domiciled and, thus, a citizen for diversity purposes.

The complaint alleges that State Farm is "an insurer domiciled in the State of Illinois." The complaint does not allege State Farm's type of entity. If it is a corporation, it is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). To establish diversity jurisdiction, a complaint or notice of removal must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982).

If State Farm is an unincorporated association, its citizenship is determined by the citizenship of each of its members. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). Additional rules regarding the allegation of the citizenship of such associations can be found in Rodidaco, Inc. v. Chesapeake Energy Louisiana Corp. 2018 WL 3551525 (W.D. La. 2018).

Plaintiff will need to specifically state in her amended complaint whether State Farm is a corporation or some other form of entity or association. If it is a corporation, the amended complaint will need to specifically identify its state of incorporation and that state in which it has its principal place of business. If it is an unincorporated association, the

amended complaint will need to specifically identify each of its members and their citizenship.

The amended complaint is due by **July 12, 2021**.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 21st day of June, 2021.

Mark L. Hornsby
U.S. Magistrate Judge